IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KEVIN HAMMONS,

    Plaintiff,

v.                                                                                                                                                                                                            No. 04-2243-B

LASIK VISION INSTITUTE, LLC,
PEARLE VISION, INC., JAMES and
TINA FLY d/b/a PEARLE VISION,
DAVID S. MURPHY, M.D., and NIA
KOA, OPTOMETRIST,

    Defendants.

_____

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

The Plaintiff, Kevin Hammons, filed the instant action against the Defendants on April, 8, 2004, arising from a laser vision correction surgery. The suit, based on diversity jurisdiction under title 28, section 1332 of the United States Code, alleges the Defendant, David S. Murphy, M.D., committed medical malpractice. Before the Court is the August 8, 2005 motion of the Defendant, David S. Murphy, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion of the Defendant is DENIED.

Initially, the Court notes that the Defendant is seeking summary judgment based upon this Court's lack of jurisdiction over his person. Murphy, Hammons, and their respective counsel address this issue as a dispositive motion under Rule 56. As such, the parties have attached affidavits and exhibits to their filings. Additionally, as is required by the Federal Rules, the Plaintiff has included a statement of undisputed material facts within his motion, and the Defendant has responded accordingly. See Fed. R. Civ. P. 56; LR 7.2(d)(3), Local Rules of the U.S. Dist. Ct. for

the W. Dist. of Tenn. However, the Court declines the parties' invitation to treat this Rule 12(b) motion as one under Rule 56.

When materials outside the pleadings are submitted in a motion to dismiss for lack of personal jurisdiction, federal courts will not convert the Rule 12(b)(2) motion to a motion for summary judgment. See Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.") (emphasis added). See also Attwell v. Lasalle Nat'l Bank, 607 F.2d 1157, 1161 (5th Cir. 1979), cert. denied, 445 U.S. 954, 100 S. Ct. 1607 (1980) ("The language of Rule 12, on conversion of motions, is very express in limiting its application to 12(b)(6) motions. In the case at bar the court may properly consider affidavits for purposes of resolving jurisdictional disputes.").[1] Moreover, the granting of a motion for summary judgment has the effect of an adjudication on the merits for purposes of res judicata, Fed. R. Civ. P. 41(b); Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990), whereas the granting of a 12(b)(2) motion does not, Fed. R. Civ. P. 41(b); Intera Corp. v. Henderson, 428 F.3d 605 (6th Cir. 2005). Thus, the Court will resolve the Defendant's motion as one under Federal Rule of Civil Procedure 12(b)(2).

---

[1] Accord Rodriguez v. Dixie S. Indus., Inc., 113 F. Supp. 2d 242, 247 n.1 (D. Puerto Rico 2000) (declining to convert a Rule 12(b)(2) motion submitted with attachments to a motion for summary judgment); Topliff v. Atlas Air, Inc., 60 F. Supp. 2d 1175 (D. Kan. 1999) (stating "nothing in the Federal Rules of Civil Procedure . . . makes Rule 56 applicable to motions filed under Rule 12(b)(2) and (3) when matters outside of the pleadings are presented"); Sunwest Silver, Inc. v. Int'l Connection, Inc., 4 F. Supp. 2d 1284, 1285 (D.N.M. 1998) (holding that submitting affidavits with motions to dismiss under Rule 12(b)(2) does not convert the motion into one for summary judgment); Kemper v. Rohrich, 508 F. Supp. 444, 445 (D. Kan. 1980) (holding that the court could consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(2) without converting it to a motion for summary judgment).

The Defendant contends that this Court lacks jurisdiction over him based upon his insufficient contacts, ties, and relations with Tennessee. In support of this assertion, Murphy argues that he does not now and never has practiced in Tennessee, that he is not licensed in this state, and that he does not advertise in Tennessee. The Plaintiff responds that Murphy has the requisite minimum contacts with Tennessee based upon his relationship with Defendant Lasik Vision Institute, LLC, ("Lasik"). Moreover, Hammons submitted an affidavit with his supplemental response, in which he asserts that the Defendant performed post-operative procedures on him in Collierville, Tennessee. Hammons argues this is sufficient to establish in personam jurisdiction. The Defendant has filed a reply in which he asserts this Court may not consider the Plaintiff's affidavit under Rule 56 because it conflicts with Hammons prior sworn testimony.

A federal court may exercise jurisdiction over the person "in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). The Tennessee long-arm statute confers "jurisdiction of the courts of this state as to any action or claim for relief arising from . . . [t]he transaction of any business within the state . . . [or] [e]ntering into a contract for services to be rendered . . . in this state." Tenn. Code Ann. § 20-2-214(a). The Tennessee long-arm statute is "construe[d] to extend to the limits of due process." Neal v. Janssen, 270 F.3d 328, 331 (6th Cir. 2001).

The Youn court instructed that,

> [t]he bedrock principle of personal jurisdiction due process analysis is that when the Defendant is not physically present in the forum, [he or she] must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. "Minimum contacts" exist when the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. It is necessary that the Defendant purposefully avail [himself] of the privilege of conducting activities

3

> within the forum State, thus invoking the benefits and protections of its laws. This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Random, fortuitous, or attenuated activity is not a constitutionally adequate basis for jurisdiction.

324 F.3d at 417 (internal citations and quotation marks omitted). Both "general" and "specific" jurisdiction may be adequate bases for personal jurisdiction. Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists "when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." Youn, 324 F.3d at 417-18. A federal court has specific jurisdiction "when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868 (1984)).

In Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit articulated a three-part test for determining the appropriateness of a federal court's exercise of specific jurisdiction: (1) "the defendant must purposefully avail himself [or herself] of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." See also Youn, 324 F.3d at 418. The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002). In

the absence of an evidentiary hearing on the jurisdiction question[2],

> the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.  To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction.  Furthermore, a court does not weigh the controverting assertions of the party seeking dismissal.

Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (citations omitted).  In his response to such a motion, the "plaintiff may not rely on his pleadings; he must, by affidavit or otherwise, set forth specific facts establishing that the court has jurisdiction."  Williams v. FirstPlus Home Loan Trust 1996-2, 209 F.R.D. 404, 409 (W.D. Tenn. 2002).  "Once the defense has been raised, then the plaintiff must sustain [his] burden of proof in establishing jurisdictional facts through sworn affidavits and competent evidence.  At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations."  Machulsky v. Hall, 210 F. Supp. 2d 531, 537 (D.N.J. 2002); see also Mende v. Milestone Tech., Inc., 269 F. Supp. 2d. 246, 251 (S.D.N.Y. 2003) (stating that conclusory allegations are insufficient to establish personal jurisdiction).

Pursuant to the foregoing standard, this Court finds that Hammons' affidavit concerning Murphy's actions in Tennessee creates a prima facie showing of personal jurisdiction.  Because no evidentiary hearing on this matter was held, the Court is restricted from considering the Defendant's "controverting assertions."  See Dean, 134 F.3d at 1272.  The Defendant's motion is therefore DENIED.

---

[2]The Court notes that the Defendant did not ask for an evidentiary hearing in support of his motion.  See Dean, 134 F.3d at 1273 (stating that in the absence of an evidentiary hearing, the district court should not have considered the affidavit of the party seeking dismissal and noting that the defendant has adequate recourse in such a situation because he "can invoke the court's discretion to order a pretrial evidentiary hearing on those facts."  In that situation, "[i]f the written submissions raise disputed issues of fact or seem to require determinations of credibility, the court" may make those credibility determinations in adjudicating the motion).

**IT IS SO ORDERED** this 6th day of September, 2006.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE