IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KEVIN HAMMONS,

    Plaintiff,

v.                                                                       No. 04-2243-B

LASIK VISION INSTITUTE, LLC,
PEARLE VISION, INC., JAMES and
TINA FLY d/b/a PEARLE VISION,
DAVID S. MURPHY, M.D., and NIA
KOA, OPTOMETRIST,

    Defendants.

_____

ORDER GRANTING MOTION OF DEFENDANT LASIK VISION INSTITUTE, LLC FOR
PARTIAL SUMMARY JUDGMENT
_____

        The Plaintiff, Kevin Hammons, filed the instant action against the Defendants on April, 8, 2004, arising from a laser vision correction surgery.[1] The suit, based on diversity jurisdiction under title 28, section 1332 of the United States Code, alleges the Defendant, David S. Murphy, M.D.[2], committed medical malpractice. Before the Court is the January 5, 2007 motion for partial summary judgment of the Defendant, Lasik Vision Institute, LLC ("LVI"). The Plaintiff has responded, and this motion is now appropriate for disposition. For the reasons set forth below, the motion of the Defendant is GRANTED.

BACKGROUND

---

[1] The Plaintiff filed an amended complaint in this cause on May 31, 2005.

[2] The case against Dr. Murphy was dismissed by the Court in an order entered on July 12, 2007, based on lack of personal jurisdiction.

1

The following facts are undisputed unless noted.  On April 18, 2003, Dr. Murphy performed a laser vision correction surgery on Hammons in a "mobile medical unit."  (Def.'s Statement of Undisputed Material Facts in Supp. Mot. Summ. J. ¶ 3) ("Def.'s Facts").  Although the amended complaint alleges that Dr. Murphy's treatment of Hammons fell below a standard of care, it only places fault against LVI based upon the doctrine of respondeat superior.  (Def.'s Facts ¶ 4).

STANDARD OF REVIEW

Rule 56( c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324, 106 S. Ct. at 2552.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356.  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).  Summary judgment must

be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552.  In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)).  Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

The Defendant contends it is entitled to partial summary judgment on the issue of whether it was at fault for Hammons injury because of its own negligence.  Hammons responds that discovery is still ongoing and that while it concedes no evidence of LVI's negligence currently exists, such proof may be uncovered through further discovery.

Hammons filed his complaint in this case on April 7, 2004.  Since that time, the Plaintiff has had ample opportunity to unearth any evidence about whether LVI's actions or omissions contributed to his injury.[3]  Although the Plaintiff argues that an agreement was entered into between the parties to stay the taking of expert's depositions, he has not filed an affidavit explaining why his own expert could not have included in his affidavit facts or opinions attributing direct responsibility to LVI based on its own conduct or setting forth what specific facts he hopes to uncover through further discovery. See, e.g., Fed. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to

---

[3] Indeed, according to the Court's docket, the discovery deadline in this case has been extended on numerous occasions.

justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); see also Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000) (interpreting Rule 56(f) as requiring the opposing party to file an affidavit that "indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."). Because it is now undisputed that no direct allegations of fault against Lasik exist in this case, the motion of this Defendant for partial summary judgment is GRANTED.[4] Celotex, 477 U.S. at 322, 106 S. Ct. at 2552; see Lord, 920 F. Supp. at 847.

　　　　IT IS SO ORDERED this19th day of July, 2007.

　　　　　　　　　　　　　　　　s/ J. DANIEL BREEN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[4] The question of whether LVI should be held liable for the Plaintiff's alleged injuries under the theory of respondeat superior still remains an issue in this case.